IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>vs.<br><br>PEDRO CERVANTES-DIAZ,<br><br>*Defendant.* | Case No. 19-10095-01-EFM |

**MEMORANDUM AND ORDER**

This matter comes before the Court on pro se Defendant Pedro Cervantes-Diaz's Motion for Reduction of Sentence (Doc. 105).[1] He contends that he is entitled to a sentence reduction due to recent amendments to the United States Sentencing Guidelines. The Government opposes Defendant's motion for sentence reduction. For the reasons stated in more detail below, the Court dismisses Defendant's motion.

On August 10, 2020, Defendant pleaded guilty to two counts of use of a communication facility to facilitate a drug trafficking offense, in violation of 21 U.S.C. §§ 843(b) and (d)(1). On May 27, 2021, the Court sentenced Defendant to 84 months' imprisonment. On November 12,

---

[1] The Federal Public Defender's Office declined representation of Defendant in this matter.

2024, Defendant filed a Motion to Reduce Sentence, requesting a sentence reduction under Amendment 821.

Pursuant to 18 U.S.C. § 3582(c)(2), a defendant may file his own motion for a sentence reduction provided certain factors are met.[2]  Specifically, § 3582(c)(2) allows a court to reduce a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)" and after considering § 3553(a) factors so long as the reduction "is consistent with applicable policy statements."[3]

Effective November 1, 2023, the Sentencing Commission amended the United States Sentencing Guidelines.[4]  Part A of Amendment 821 limits the criminal history impact of "status points," and subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders."[5]

Defendant requests that his sentence be reduced because he is a zero-point offender, but he is not. Defendant's criminal history score was 3 due to three previous independent convictions, and he was in Criminal History Category II.  Thus, because he is not a zero-point offender, he is ineligible for a reduction in sentence under Amendment 821.  Accordingly, the Court dismisses Defendant's motion.[6]

---

[2] 18 U.S.C. § 3582(c)(2).

[3] *Id.*

[4] *See* 88 Fed. Reg. 28,254, 2023 WL 3199918 (May 3, 2023).

[5] *See* https://www.ussc.gov/guidelines/amendment/821 (last visited December 19, 2024); *see also* U.S.S.G. § 4A1.1; § 4C1.1.

[6] *See United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014) (stating that a district court should dismiss for lack of jurisdiction if a defendant is ineligible for a sentence reduction under § 3582(c)(2)).

**IT IS THEREFORE ORDERED** that Defendant's Motion for Sentence Reduction (Doc. 105) is **DISMISSED**.

**IT IS SO ORDERED**.

Dated this 20th day of December, 2024.

*Eric F. Melgren*
ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE